**ORIGINAL**

# In the United States Court of Federal Claims

No. 17-1819 C

(Filed: May 31, 2018)

FILED
MAY 3 1 2018
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SADE MONE, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | Motion to Dismiss, RCFC 12(b)(1); Subject Matter Jurisdiction. |

Sade Mone, Savannah, GA, pro se.

Tanya B. Koenig, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

On November 17, 2017, plaintiff filed a complaint with the court alleging that she was subjected to illegal housing conditions and illegal eviction proceedings by the Housing Authority of the City of Charleston (CHA) while she was a resident at one of the city's housing projects located at 1341 Ashley Avenue, Charleston, South Carolina. See ECF No. 1. Defendant has moved to dismiss the complaint for lack of jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 6. Plaintiff filed a response, ECF No. 12, and defendant filed a reply, ECF No. 13. For the following reasons, defendant's motion is **GRANTED**.

I.  Background

In the complaint, plaintiff details harrowing living conditions allegedly created by CHA including: (1) construction work that resulted in serious water damage and,

7017 1450 0000 1346 1956

ultimately black mold, in her apartment; (2) keys to her apartment being distributed to individuals unknown to her, without her knowledge; (3) tolerance or encouragement by the housing authority of offensive behavior such as loitering, profanity, drug use and dealing, loud music, and vandalism; (4) instructions to the police department not to respond to her complaints; (5) an illegal, and unsuccessful, eviction proceeding instituted against her; (6) negligent mold inspections by the United States Department of Housing and Urban Development (HUD); (7) a total lack of responsiveness from responsible parties; and (8) a successful, though allegedly illegal, eviction on November 16, 2011. See ECF No. 1 at 1-2.

Plaintiff makes three allegations that relate specifically to HUD:

(1)   With regard to the allegedly obvious presence of black mold, plaintiff states that "HUD did annual inspections in 2009, 2010, and 2011 and passed all of them;"

(2)   "I am now permanently disabled and will probably never become a mother as a result of what I endured because of HUD's gross negligence;" and

(3)   "The gross negligence of HUD employees who refused to respond to my complaints and falsified inspections aided in helping the City of Charleston Housing Authority in its hein[ous] acts against me that led to the eviction of November 16, 2011, as well [as] my long term and permanent health problems."

Id. at 2.

In response to defendant's motion to dismiss, plaintiff attaches two letters that she states she sent to HUD offices as formal complaints. The first was a letter addressed to the Field Office Director in Columbia, South Carolina, and is dated June 19, 2010. See ECF No. 12 at 4. The second letter was addressed to the Regional Administrator in the Atlanta Regional Office, and is dated September 13, 2012.[1] See id. at 8-9. Plaintiff states that she did not receive any response to either letter. See id. at 2. Plaintiff is seeking an award of monetary damages in the amount of $13,500,000. See id.

---

[1]   The complaint shows that plaintiff now resides in the state of Georgia.

II.   Legal Standards

As an initial matter, the court acknowledges that plaintiff is proceeding pro se, and is "not expected to frame issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987). Pro se plaintiffs are entitled to a liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted). Accordingly, the court has examined the complaint and plaintiff's briefing thoroughly to discern all of plaintiff's claims and legal arguments.

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke this court's jurisdiction, plaintiff must show that her claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.   Analysis

In its motion to dismiss, defendant argues that the court lacks subject matter jurisdiction because: (1) plaintiff's claims sound in tort, and (2) although plaintiff's situation more broadly involves a contract in the form of her housing lease, the United States government was not a party to that contract. See ECF No. 6 at 4.

Plaintiff alleges that HUD was "grossly negligent" in addressing the problems in her apartment, and that HUD employees "falsified inspections," which aided CHA in evicting her. See ECF No. 1 at 2. Both negligence and fraud are claims that sound in tort. Tort claims, however, are expressly excluded from this court's jurisdiction under the Tucker Act. See 28 U.S.C. § 1491(a)(1) (giving the court authority to consider claims against the United States "not sounding in tort"); see also Aetna Cas. & Sur. Co. v.

3

United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims . . . are expressly beyond our Tucker Act jurisdiction."); Gant v. United States, 63 Fed. Cl. 311, 316 (2004) ("Claims for negligence . . . and fraud are both torts and therefore cannot be considered by the Court of Federal Claims.") (citations omitted), aff'd, 417 F.3d 1328 (Fed. Cir. 2005). As such, the court lacks the authority to consider plaintiff's claims.

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interest of justice:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631 (2012). "Transfer is appropriate when three elements are met: (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice." Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already addressed the first element, finding that it lacks jurisdiction. With regard to whether a United States District Court would have jurisdiction, the court considers the statute of limitations for federal tort actions. Under the Federal Tort Claims Act:

> [a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within <u>two years</u> after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (2012) (emphasis added). Plaintiff sent two letters intended to serve as formal complaints to HUD, one on June 19, 2010, and another on September 13, 2012. See ECF No. 12 at 4, 8-9. Plaintiff states she received no response from the agency.

While it is difficult to determine when, precisely, plaintiff's claims accrued, she was evicted on November 16, 2011. See ECF No. 1 at 2. The court sees no basis on which it could conclude that any claims arose thereafter. Accordingly, under the most generous interpretation of the timeline in this case, in order to have a valid claim, plaintiff would have had to have filed a complaint on or before November 16, 2013. Thus, plaintiff filed her complaint at least four years too late. Because plaintiff's claims are time-barred, the District Court could not exercise jurisdiction, and this case may not properly be transferred.

IV.   Conclusion

While the court is sympathetic to the problems recited in the complaint, for the foregoing reasons, the court lacks jurisdiction to consider the claims in plaintiff's complaint. Defendant's motion to dismiss, ECF No. 6, is **GRANTED**, pursuant to RCFC 12(b)(1) and RCFC 12(h)(3). The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Judge